IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,552-01






EX PARTE EDWIN DEGRAFF, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B16020-0505 IN THE 64TH JUDICIAL DISTRICT COURT


FROM HALE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to fifty years' imprisonment. The Seventh Court of Appeals
affirmed his conviction. Degraff v. State, No. 07-08-00175-CR (Tex. App. - Amarillo, November
23, 2009).

 Applicant contends, inter alia, that he received ineffective assistance from both trial and
appellate counsel. Applicant alleges that trial counsel failed to object to the joinder or consolidation
of indictments without 30 days' notice, failed to investigate or utilize information provided by
Applicant's first counsel to mount a defense, had a conflict of interest because his granddaughter had
been sexually assaulted, failed to object when the prosecutor elicited testimony regarding the
truthfulness of the complainant from witnesses at trial, failed to object to improper closing arguments
by the prosecutor, failed to request a lesser-included offense instruction, and failed to present any
witnesses at punishment. Applicant alleges that appellate counsel failed to raise issues specifically
noted by the Court of Appeals as "circumstances of interest" in its Order of Abatement and Remand
for Appointment of Counsel. The habeas record does not contain sufficient information to address
Applicant's claims. 

 In addition, Applicant appears to have filed a motion to recuse the trial judge from presiding
over these habeas proceedings. The record does not show whether this motion was properly filed,
or whether any action was taken on this motion pursuant to Tex. R. Civ. P. 18a. As a preliminary
matter, the trial court shall respond as to whether the motion to recuse was properly filed, and if so,
whether any further action was taken on the motion.

 With respect to his substantive claims, Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall obtain affidavits from Applicant's trial counsel and
appellate counsel responding to Applicant's claims of ineffective assistance of counsel. Specifically,
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings as to whether the performance of Applicant's appellate attorney
was deficient, and if so, whether appellate counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 2, 2011

Do not publish